UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO. 22-cr-116 (CJN) |
| DAVID JOSEPH GIETZEN, | : |
| Defendant. | : |

**UNITED STATES' MOTION FOR
DEFENDANT'S DETENTION PENDING SENTENCING**

On August 31, 2023, following a three-day trial, a jury found the defendant, David Joseph Gietzen, guilty of eight offenses, including two violations of 18 U.S.C. § 111 (a) (Assaulting, Resisting, or Impeding Certain Officers or Employees) and one count of 18 U.S.C. § 111 (b)(1) (Assaulting, Resisting, or Impeding Certain Officers or Employees With a Deadly or Dangerous Weapon). The sentencing in this matter has not yet been scheduled while the parties submit briefs on several issues, including the instant matter - detention pending sentencing. The Government submits this memorandum in support of its position that the Court must detain Gietzen pending sentencing and Gietzen has not met the high bar for the Court to order otherwise.

A.  **Title 18, United States Code, Section 3143 Requires the Court to Order that Gietzen be Detained Pending Sentencing.**

Pursuant to 18 U.S.C. § 3143(a)(2), the Court "shall order" a person who has been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C) and "is awaiting imposition or execution of sentence be detained" unless two conditions are met: *one*, the Court finds by clear and convincing evidence that "the person is not likely to flee or pose a danger to any other person or the community," 18 U.S.C. § 3143(a)(2)(B), and *two*, either the Court finds "there is a substantial likelihood that a motion for acquittal or new trial will be granted," or "an

1

attorney for the Government has recommended that no sentence of imprisonment be imposed on the person," 18 U.S.C. § 3143(a)(2)(A)(i)-(ii).  Recently, a Court in this District decided this issue and found that because: (1) the Court concluded that Defendants had been found guilty of a "crime of violence" within the meaning of 18 U.S.C. § 3156(a)(4)(A); (2) that, in that case, there was not a substantial likelihood of success on any post-trial motion; and (3) because the Government represented that it would seek a term of incarceration at sentencing, the Court found that it had no choice but to order Defendants detained pending sentencing. See 18 U.S.C. § 3143(a)(2) ("The judicial officer shall order that a person who has been found guilty of [among other things, a crime of violence and is] awaiting imposition or execution be detained" under these circumstances. (emphasis added)). *United States v. Handy et. al.*, 1:22-CR-96-CKK, ECF 397 at 1.

Like *Handy*, there is no doubt that Gietzen must be detained under 18 U.S.C. § 3143(a)(2).  *First*, he has been convicted of three offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), which includes "a crime of violence." 18 U.S.C. § 3142(f)(1)(A).  A crime of violence includes "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 16.  A violation of sections 111(a) and (b), which punish anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" a federal law enforcement officer either  by using a "deadly or dangerous weapon" or by "inflict[ing] bodily injury," certainly falls within this definition.

Courts in this district have consistently concluded that a violation of 18 U.S.C. § 111(a)(1) and (b) is a crime of violence.  *See, e.g., United States v. Quaglin*, 851 F. App'x 218, (Mem)–219 (D.C. Cir. 2021) (noting that "[a]ppellant is charged with violating 18 U.S.C. § 111(b) – an offense which is categorically a crime of violence," and citing cases); *United States*

*v. McAbee*, No. CR 21-35-7 (EGS), 2021 WL 6049909, at *7 (D.D.C. Dec. 21, 2021), *reconsideration denied*, No. CR 21-35-7 (EGS), 2022 WL 4016616 (D.D.C. Sept. 3, 2022), *aff'd*, No. 22-3066, 2022 WL 17101252 (D.C. Cir. Nov. 22, 2022) ("[A] defendant charged under 18 U.S.C. § 111(a)(1) and (b) is charged with a crime of violence."); *United States v. Krol*, No. CR 22-110 (RC), 2022 WL 16948611, at *4 (D.D.C. Nov. 15, 2022) ("[Defendant] is charged with assaulting, resisting, or impeding federal officers using a dangerous weapon in violation of 18 U.S.C. § 111(b).  Because that offense is categorically a crime of violence, [the defendant] is eligible for pretrial detention." (cleaned up)); *United States v. Fitzsimons*, No. 21-CR-158, 2021 WL 4355411, at *3 (D.D.C. Sept. 24, 2021), *aff'd* No. 21-3069, 2021 WL 6102443 (D.C. Cir. Dec. 17, 2021) (same);*United States v. Brown*, No. 21-MJ-565 (ZMF), 2021 WL 4033079, at *3 (D.D.C. Sept. 3, 2021), *aff'd*, No. 21-3063, 2021 WL 5537705 (D.C. Cir. Nov. 17, 2021) (same); *United States v. Gieswein*, No. CR 21-24 (EGS), 2021 WL 3168148, at *8 (D.D.C. July 27, 2021), *aff'd*, No. 21-3052, 2021 WL 5263635 (D.C. Cir. Oct. 19, 2021) ("[U]sing a deadly or dangerous weapon while assaulting a federal officer is a crime of violence.").

*Second*, neither prong of Section 3143(a)(2)(A) has been met.[1]  The Court has not found that there is a substantial likelihood that a motion for acquittal or new trial will be granted; nor has the Government recommended that no sentence of imprisonment be imposed. 18 U.S.C. § 3143(a)(2)(A).

**B.**     **Gietzen Cannot Show Exceptional Reasons for His Release.**

In certain circumstances, "[a] person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1) . . ., may be ordered

---

[1] Following the jury rendering its verdict, the Court has indicated that it has found, by clear and convincing evidence, that Gietzen is not likely to free or pose a danger to any other person or the community.  *See* 18 U.S.C. § 3143(a)(2)(B).

3

released, under appropriate conditions, by the judicial officer, *if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.*" 18 U.S.C. § 3145(c) (emphasis added)).

      Gietzen is subject to detention pursuant to Section 3143(a)(2).  Following his conviction, the Court heard argument from the Government and defense counsel regarding pre-sentencing detention, in which the Court and defense counsel briefly highlighted Gietzen's lack of a criminal record, his compliance with the terms of his release, and his supportive family.  This Court subsequently indicated that Gietzen had met the conditions of release under Section 3143(a)(1), namely that "by clear and convincing evidence" he was " not likely to flee or pose a danger to the safety of any other person or the community."  The government did not have an opportunity to discuss the specific characteristics of the defendant at that time, but does submit that the evidence elicited at trial, including that testimony of the defendant, revealed that Gietzen not only has no remorse for his illegal actions on January 6, 2021, but that he would likely undertake such violent actions again if he deemed it necessary and "moral."  In addition, Gietzen has not, as required by the stature, presented any "exceptional reasons" why his post-conviction detention would not be appropriate.  "Congress did not define the term 'exceptional reasons' in the statute, nor did it provide examples, so, naturally, courts have laid out their own standards." *United States v. Wiggins*, No. 19-CR-258 (KBJ), 2020 WL 1868891, at *6 (D.D.C. Apr. 10, 2020) (denying pretrial release under Section 3145) (J. Jackson).  "[C]ourts typically understand the phrase to mean circumstances that are 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Lovo*, 263 F. Supp. 3d 47, 49 (D.D.C. 2017) (quoting *United States v. Hite*, 12–cr–65 (CKK), 2013 WL 12158577, at *2 (D.D.C. July 30, 2013), *aff'd*, 540 Fed. Appx. 2 (D.C.

Cir. 2013)).  This circuit has not articulated a standard for what constitute exceptional reasons, but district courts have looked to several factors, including:

- The pre-vaccine spread of the COVID-19 pandemic.  *United States v. Harris*, 451 F. Supp. 3d 64, 65 (D.D.C. 2020) (granting pretrial release);

- An appellate reversal and order of acquittal.  *United States v. Jones*, 800 F. Supp. 2d 90, 93 (D.D.C. 2011) (citing *United States v. Schaefer*, No. 04-20156-JWL, 2007 WL 4180388, at *1 (D. Kan. Nov. 21, 2007));

- "[S]uccessful and remarkable rehabilitation related to the underlying offense."  *United States v. Sharp*, 517 F. Supp. 2d 462, 464 (D.D.C. 2007);

- Extraordinary help to the government.  *Id.*

None of these factors are present here.

Conversely, courts in this district have concluded that many factors are not "exceptional," including:

- A person's employment, family support, and community connections.  *United States v. Lovo*, 263 F. Supp. 3d 47, 51 (D.D.C. 2017);

- Trial errors that might result in a successful appeal.  *Id.*; *United States v. Hite*, 72 F. Supp. 3d 29, 34 (D.D.C. 2014);

- A person's low flight risk or lack of danger to the community.  *United States v. Hite*, 72 F. Supp. 3d 29, 34 (D.D.C. 2014);

- A person's need to prepare a defense or appeal.  *United States v. Jones*, 939 F. Supp. 2d 6, 10 (D.D.C. 2013);

- The government's delay in prosecuting a case.  *United States v. Briggs*, 577 F. Supp. 2d 435, 437 (D.D.C. 2008).

To date, Gietzen has not cited any factors that are "exceptional" nor "rare." Thus, he has not carried his burden under Section 3145(c) to show that his detention pending sentencing would not be appropriate.

**C.      Conclusion**

For the reasons set forth above, Gietzen cannot show that there are exceptional reasons that he should not be detained pending sentencing. Thus, because he has been convicted of a crime of violence, the Court must order him to be detained prior to sentencing.

                                                                                                                Respectfully submitted,

DATED: September 6, 2023                        MATTHEW M. GRAVES
                                                                United States Attorney
                                                                D.C. Bar No. 481052

                                                  By:     /s/ Elizabeth N. Eriksen
                                                                VA Bar No. 72399
                                                                Trial Attorney, Detailee
                                                                United States Attorney's Office
                                                               for the District of Columbia
                                                               601 D Street NW
                                                                Washington, DC 20001
                                                               (202) 616-4385
                                                               Elizabeth.Eriksen@usdoj.gov

                                                               /s/ Rebekah Lederer
                                                               PA Bar No. 320922
                                                               Assistant United States Attorney
                                                               601 D Street NW
                                                               Washington, DC 20001
                                                               (202) 252-7012
                                                               Rebekah.Lederer @usdoj.gov