UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 22-cr-116 (CJN) |
| | ) | |
| DAVID JOSEPH GIETZEN | ) | |

## MR. GIETZEN'S OBJECTION TO GOVERNMENT'S MOTION FOR DETENTION PENDING SENTENCING

NOW COMES the Defendant, David Joseph Gietzen, by and through counsel, and responds to the Government's Motion for Detention Pending Sentencing. [Doc. #57]

Defendant objects to the Government's motion and requests that the Court allow him to remain out of custody pending sentencing under the same conditions of pretrial release that were ordered on May 17, 2022 by the Honorable Robin M. Meriweather, United States Magistrate Judge. [Doc. #14]

On August 30, 2023, after a trial by jury, Mr. Gietzen was convicted of eight charges, including 18 U.S.C. § 111(b) (Assaulting, Resisting, or Impeding Certain Officers or Employees With a Deadly or Dangerous Weapon).[1]

The applicable section of 18 U.S.C. § 3143(a) states:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence … be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or

---

[1] Mr. Gietzen does not dispute that 18 U.S.C. § 111(b) has been consistently held to be a crime of violence in this and other districts. *United States v. Quaglin*, 851 F. App'x 218 (Mem)-219 (D.C. Cir. 2021), *United States v. Klein,*, 533 F.Supp.3d _, *9-*11 (D.D.C. April 12, 2021). However, should the D. C. Circuit Court hold otherwise, he preserves his objection.

1

(c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 [18 USCS § 3142] and is awaiting imposition or execution of sentence be detained unless—
(A)
    (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted;[2] or
    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

If the Court finds that Mr. Gietzen is subject to detention pursuant to 18 U.S.C. § 3143(a)(2), the Court does have the authority to release him pending sentencing under the conditions proscribed by the statute.

    **A. This Court has previously determined that David Gietzen does not pose a risk of flight or danger to the community.**

At the time the issue of release pending sentencing was addressed by the Court, the Court expressed the opinion that Mr. Gietzen is not a danger to the community and is not a risk of flight, thus satisfying the requirements of 18 U.S.C. § 3143(a)(2)(B).

---

[2] Mr. Gietzen submits that there is a substantial likelihood that an appeals court would find that insufficient evidence was presented at trial to establish that he used a deadly or dangerous weapon on January 6. "We are confronted here with a most unusual factual and legal situation, one that fully justifies the exercise of discretion by the district court. The statute of conviction requires proof of violence, and the existence *vel non* of that element is said to present a substantial question on appeal. It is that very violence that mandates detention under the provisions of the Bail Reform Act. The element of the crime called into question on appeal is the element of the bail statute that bars release. Because this is so, [the defendant] will have been confined unjustly if he prevails on appeal. In this case, prevailing on appeal may well result in dismissal of the indictment, since failure of evidence of violence is the kind of factual insufficiency that warrants dismissal. *United States v. DiSomma*, 951 F.2d 494, 498 (2nd. Cir. 1991).

Mr. Gietzen's behavior since the date of his arrest supports this Court's finding that he is not a danger to the community or a risk of flight. Mr. Gietzen has complied with each and every terms of his pretrial release.[3] He has no prior criminal history and since his arrest he has not engaged in any behavior that would be concerning to the Court. Mr. Gietzen has appeared at every scheduled hearing and was present in court every day, on time, for his trial.

### B. Under 18 U.S.C. § 3145(c), this Court has authority to release Mr. Gietzen because exceptional circumstances currently exist.

1. <u>18 U.S.C. § 3145(c) allows for Mr. Gietzen's release pending sentencing</u>.

18 U.S.C. § 3145(c) provides the Court with the authority to grant Mr. Gietzen release pending sentencing, even though his detention otherwise is mandated under 18 U.S.C. § 3143, if the Court finds that the defendant has made a showing of exceptional circumstances.

"Prior to 1990, a defendant could be released pending sentencing if a judicial officer found by clear and convincing evidence that the defendant was "not likely to flee or pose a danger to the safety of any other person or the community[.]" *See* 18 U.S.C. § 3143(a) (1988) (amended 1990)." *United States v. Goforth*, 546 F.3d 712, 713-14 (4th Cir. 2008). If the judicial officer did not make such a finding, the defendant was detained. "Against this backdrop, Congress adopted the Mandatory Detention Act of 1990. That Act made detention for specified categories of offenses mandatory with three exceptions. Two of the exceptions are based on the presence of specified conditions: (1) if the judicial officer finds a substantial likelihood that a motion for acquittal or new trial will be granted, or (2) if an attorney for the government recommends no

---

[3] Six Pretrial Compliance Reports have been filed since Mr. Gietzen was placed on pretrial release, all stating that Mr. Gietzen has been in full compliance with all of the conditions of release. [*See* Docs. 18, 30, 34, 35, 36 and 48]

3

sentence of imprisonment be imposed. 18 U.S.C. § 3143(a)(2)(A)." *Id* at 713-4. "[T]he Act amended § 3145 to create a third, more general exception to mandatory detention:

> (c) Appeal from a release or detention order. An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. *A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.*

*Id* at 714, citing 18 U.S.C. § 3145(c) (emphasis added).

"Exceptions to detention are inherently fact-intensive determinations which district judges are well-positioned to make at the time detention is considered." *Goforth* at 716.[4] "Exceptional reasons" should set a defendant apart from other persons convicted of similar offenses. *United States v. Brown*, No. 3:20-CR-43-KAC-JEM, 2023 U.S. Dist. LEXIS 16085, at *16 (E.D. Tenn. Jan. 31, 2023) (citing *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993)).

Under that provision, a judicial officer (including a district court) "may" release a person subject to detention under § 3143(a)(2), if the person "meets the conditions of release set forth in section 3143(a)(1)," and "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see also United States v. Harris*, 451

---

[4] "Congress clearly did not intend to require detention for everyone convicted of a crime of violence. Otherwise, it would not have included the exception in *section 3145(c)*. There is no conceivable reason why Congress would have required a defendant to go to prison if it could be proven that there was *no* risk that he would flee, no risk that he would harm the community, and the defendant raised substantial questions on appeal. Spending time in prison is a significant and painful event. When a defendant is denied bail pending appeal, it may take months or even years before we decide that his incarceration was unjustified." *United States v. Koon*, 6 F.3d 561, 566 (9th Cir. 1991).

F.Supp.3d 64, 69 (D.D.C. Mar. 27, 2020) (holding that 18 U.S.C. § 3145(c) authorizes district court judges to grant relief in appropriate circumstances.).

    2. <u>There are exceptional reasons for Mr. Gietzen's continued release pending sentencing</u>.

As noted in *United States v. Wiggins*, 613 F.Supp.3d 348, 356 (D.D.C. April 10, 2020):

> [I]t is obvious that "a plain reading of the statute offers little if any help[,]" *United States v. Garcia*, 340 F.3d 1013, 1016–17 (9th Cir. 2003), and, unfortunately, the legislative history is also "sparse and uninformative[,]" *DiSomma*, 951 F.2d at 497. Congress did not define the term "exceptional reasons" in the statute, nor did it provide examples, so, naturally, courts have laid out their own standards. *See, e.g., Garcia*, 340 F.3d at 1018 (explaining that, when evaluating a release motion under section 3145(c), a "court should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors ... it would be unreasonable to incarcerate the defendant" pending sentencing); *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (defining "exceptional" under § 3145(c) as "clearly out of the ordinary, uncommon, or rare."). By adopting the term "exceptional reasons" but declining to define it, it appears that "Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct." *Garcia*, 340 F.3d at 1018 (internal quotation marks and citation omitted).

*Wiggins*, 613 F.Supp.3d at 356.

    Mr. Gietzen's situation presents exceptional circumstances for the Court to consider.

    On September 4, 2020, Mr. Gietzen's sister, Teresa, gave birth to quadruplets. Since that time, Mr. Gietzen and Mr. Gietzen's brother, Andrew, have helped provide supplemental childcare and financial support to Teresa and her family on a weekly basis. Mr. Gietzen advises that he provided financial support when he was employed at Extron, and thereafter has provided ongoing weekly childcare for his quadruplet nieces when he is not earning money doing drywall work.

    Further, Mr. Gietzen's financial contributions to his mother's home and living situation are essential to his family's continued well-being. If Mr. Gietzen is in custody and unable to financially assist his mother, other members of his family will have to do so, causing them financial hardship.

5

Mr. Gietzen has no prior criminal history. Mr. Gietzen was found guilty of the assaults alleged in Counts Two and Three, however those convictions would not have required this Court to engage in the "exceptional reasons" analysis. The Court is required to engage in the "exceptional reasons" analysis only by virtue of the finding of guilt on Count Four, assault with a deadly or dangerous weapon under 18 U.S.C. §111(b). During trial, the Court heard evidence as to the nature, character, and quality of Mr. Gietzen's use of the plastic pipe in Count Four.

Mr. Gietzen respects the jury's verdict on that Count. He further submits that it is appropriate for the Court to compare and weigh the underpinning reason that the Court is required to engage in the "exceptional reasons" analysis. The Court should weigh and compare the evidence presented at trial of Mr. Gietzen's conduct with other more serious offenses that would require "exceptional reasons" analysis. It is appropriate to consider both broadly the types of offenses that are crimes of violence, but then also Mr. Gietzen's offense in the context of other individuals convicted of January 6 crimes of violence. *See Brown*, *supra*.

Further, Mr. Gietzen submits that, in preparation for sentencing, he will need to meet regularly with counsel. Additionally, counsel anticipates hiring experts which will require Mr. Gietzen's availability.[5]

As noted above, Mr. Gietzen has complied with all of the conditions of his pre-trial release. He is a life-long resident of Sanford, North Carolina area. He has the full support of his family. Mr. Gietzen has shown that he will continue to respect and follow the previous order of the Court and remain in full compliance with release pending sentencing.

---

[5] Should the Court find that insufficient exceptional circumstances exist, Mr. Gietzen requests that the Court enter an order requiring he be detained pending sentencing as close to his family, counsel, and anticipated evaluators as is practicable.

6

## **CONCLUSION**

For the above reasons, Mr. Gietzen respectfully request that the Court allow him to remain out of custody pending sentencing on the same conditions of release as previously set by Magistrate Judge Merriweather.

Respectfully submitted, September 11, 2023.

Louis C. Allen III
Federal Public Defender

/s/ Lisa S. Costner
_____

LISA S. COSTNER
Assistant Federal Public Defender
North Carolina State Bar No. 14308
251 N. Main Street, Suite 849
Winston-Salem, NC 27101
(336) 631-5172
Email: lisa_costner@fd.org

/s/ Ira Knight
_____

IRA KNIGHT
Assistant Federal Public Defender
North Carolina State Bar No. 43817
301 North Elm St., Ste 410
Greensboro, NC 27410
(336) 333-5455
Email: ira_knight@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Elizabeth Ericksen<br>
Rebekah Lederer<br>
Assistant United States Attorneys

Respectfully submitted,

LOUIS C. ALLEN III
Federal Public Defender


/s/ Lisa S. Costner

_____

LISA S. COSTNER

/s/ Ira Knight

_____

IRA KNIGHT

Assistant Federal Public Defenders