UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 22-cr-116 (CJN) |
| ) | |
| DAVID JOSEPH GIETZEN ) | |

**MR. GIETZEN'S MOTION FOR JUDGMENT OF ACQUITTAL
AND JUDGMENT NOTWITHSTANDING THE VERDICT**

NOW COMES the Defendant, David Joseph Gietzen, by and through counsel, and renews the motion for judgment of acquittal on all counts in accordance with Federal Rules of Criminal Procedure, Rule 29(c). In the alternative, Defendant moves for a new trial on the ground that the verdict was contrary to the weight of the evidence in accordance with Rule 33(c).

**RULE 29 LEGAL STANDARDS**

Federal Rule of Criminal Procedure 29(c) states, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1)1. The Rule further provides that, "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal." Fed. R. Crim. P. 29(c)(2). A judgment of acquittal must be granted after a verdict is rendered for any "offense for which the evidence is insufficient to sustain a conviction." *United States v. Thompson*, 275 F. Supp. 3d 107, 110 (D.D.C. 2017) (quoting *United States v. Campbell*, 702 F.2d 262, 264, 226 (D.C. Cir. 1983)); *see also Cooper v. United States*, 218 F.2d 39, 41 (D.C. Cir. 1954) (stating "if a judge is of opinion that upon the evidence a reasonable mind could not find guilt beyond a

1

reasonable doubt, he must not let the jury act, because to do so would be to let it speculate without evidence adequate in law.").

In *United States v. Bailey*, the judge denied the defendant's request for a judgment of acquittal at the close of the Government's case and again at the end of the trial. *Bailey v. United States*, 416 F.2d 1110, 1111 (D.C. Cir. 1969). The jury then found the defendant guilty of robbery pursuant to D.C. Code § 22-2901. *Id.* On appeal, the court agreed with the defendant that the evidence was "legally insufficient to enable a jury to conclude beyond a reasonable doubt that [the defendant] participated in the commission of the offense." *Id.* Although the Court "must assume the truth of the Government's evidence" and "giv[e] full play to the right of the jury to determine credibility, weigh the evidence, and draw reasonable inferences of fact…" *Id.* at 1112 (citing *Curley v. United States*, 160 F.2d 229 (D.C. Cir. 1947), (cert. denied *Curley v. United States*, 331 U.S. 837 (1947)), it is important to note that "[g]uilt, according to a basic principle in our jurisprudence, must be established beyond a reasonable doubt. And, unless that result is possible on the evidence, the judge must not let the jury act; he must not let it act on what would necessarily be only surmise and conjecture, without evidence." *Id.* at 113 (citing *Cooper v. United States*, 218 F.2d 39, 42 (D.C. Cir. 1954)) (setting aside the defendant's conviction for robbery since a reasonable mind would have reasonable doubt about the defendant's guilt based on the evidence).

## RULE 33 LEGAL STANDARDS

Alternatively, Defendant moves for a new trial on the ground that the verdict was contrary to the weight of the evidence in accordance with Federal Rule of Criminal Procedure 33. Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if interest so requires." Fed. R. Crim. P. 33(c). The Court has greater discretion when deciding

whether "the verdict is just in light of the evidence adduced at trial[.]" *United States v. Wilkerson*, 656 F. Supp. 2d 22, 28 (D.D.C. 2009).

The "interest of justice" standard requires that defendant be granted a new trial when, the trial court concludes, that a miscarriage of justice may have occurred because the weight of the evidence is against the verdict. *United States v. Tibbs*, 457 U.S. 31, 37 n.11 (1982) (citing *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)) (stating that "[i]f the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination to another jury."). When a trial court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case. *United States v. Brennan*, 326 F.3d 176, 188 (3rd Cir. 2003); *see also Tibbs v. Florida*, 457 U.S. 31, 38 n.11 (1982) ("[t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses."); *see also United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005). The court has broad discretion when ruling on a motion for a new trial. *United States v. Wheeler*, 753 F.3d 200, 208 (D.C. Cir. 2014). The court may consider the credibility of witnesses when evaluating the weight of the evidence. *Lincoln*, 630 F.2d at 1319.

In *A. Lanoy Alston,* the trial court granted the defendant's new trial motion concluding that injustice could be avoided by presenting the issue to a second jury. *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206 (9th Cir.1992).2 On the Government's appeal, the ruling was

3

affirmed. *Id*. at 1213. There, several dentists were convicted of conspiring to fix prices for dental services provided to members of prepaid dental plans.

The primary issue at trial in that case was whether the defendants had the requisite *mens rea*. The district court correctly instructed the jury that the defendants had to knowingly conspire, and the evidence was sufficient to support the conviction. However, the court of appeals found that a reasonable trier of fact could have come out the other way and, given the trial court's conclusion that the evidence weighed against the verdict with respect to the defendant's knowledge and intent, the district court's ruling was affirmed.

Some courts have characterized their role in deciding a motion for a new trial on the weight of the evidence as that of a "thirteenth juror,'" who is free to disagree with the jury's evaluation of the evidence and testimony presented at trial. *See Tibbs v. Florida*, 457 U.S. 31, 42 (1981) (reversal based on the weight of the evidence occurs when "court sits as a 'thirteenth juror' and disagrees with the jury's resolution of the conflicting testimony"); *see also Fisher v. Best*, 661 A.2d 1095, 1098 (D.C. 1995) (interpreting corresponding civil rule—"judge can, in effect, be the 'thirteenth juror,' he may 'weigh evidence, disbelieve witnesses, and grant a new trial even when there is substantial evidence to sustain the verdict.'"), *United States v. Wilkerson*, 656 F. Supp. 2d 22 (D.D.C. 2009), *United States v. Bijan Rafiekian*, 68 F.4th 177 (4th Cir. 2023).

The guilty verdicts in this case are contrary to the weight of the evidence. Accordingly, a new trial is warranted.

## ARGUMENT

**A. Mr. Gietzen should be acquitted on Counts 4, 5, 6, and 7 as there is insufficient evidence that he committed an assault with or possessed a dangerous weapon.**

There is no evidence to suggest that Mr. Gietzen carried a deadly or dangerous weapon. The Government argued that the pole should be considered a dangerous weapon, but they should have been required to prove that it must be capable of causing serious bodily injury or death to another person and that Mr. Gietzen intended to use it in that manner. Here there was no such evidence produced at trial. The video evidence showed that Mr. Gietzen possessed the pole and that he thrust it towards the line of officers, but there was no evidence presented to the factfinder that he used it in a deadly or dangerous way. Instead of presenting evidence that Mr. Gietzen possessed a dangerous weapon, the Government presented Mr. Gietzen's text messages, which potentially had a prejudicial effect on the jury and caused them to convict him based on the inflammatory language of the texts.

Even when viewing the evidence most favorably to the Government, the weight of the evidence does not support a finding that Mr. Gietzen used or possessed a dangerous weapon; the jury could not have reached a conclusion of guilty beyond reasonable doubt without resorting to conjecture. At trial, the Government relied solely on video evidence to prove that Mr. Gietzen assaulted an officer with a hollow pole. The video evidence did not clearly depict that the pole actually contacted an officer. The video showed that the pole was hollow, flexible, not pointed, and not capable of inflicting serious bodily injury. The video showed that Mr. Gietzen dropped the pole soon after the alleged assault. The officers depicted in the video were wearing "turtle suits," helmets and face guards. No witnesses were called to testify that they were injured by Mr.

Gietzen's thrust of the pole. Moreover, the Government did not present evidence about any injuries suffered by any law enforcement officers as a result of Mr. Gietzen's actions with the pole.

The Defendant presented unrebutted evidence that the pole was plastic and ineffective at harming the officers. Further, Mr. Gietzen testified that he had no intention of harming the officers and that he utilized the pole in an attempt to move them out of the way. He did not succeed in moving the officer so he quickly abandoned his efforts, dropping the pole and walking away.

The evidence that Mr. Gietzen possessed and utilized a dangerous weapon is insufficient to sustain a conviction under Rule 29 and a judgment of acquittal is appropriate. The same evidence warrants the Court's exercising of its discretion to find that it would be a miscarriage of justice for this conviction to stand pursuant to Rule 33 and a new trial should be granted.

**B. The Government presented insufficient evidence of the impact on interstate commerce to justify a conviction on Count 1.**

At trial, the Government presented financial records from a local D.C. grocery store chain. The Government's witness indicated that the financial records compared business transactions on or about January 6, 2021, with business transactions on or about January 6, 2020. *See* Govt. Ex. 603, 604. On cross examination, the Government's witness admitted that the business transactions from on or about January 6, 2020, were prior to any restrictions placed due to the pandemic. The Government did not present adequate evidence to demonstrate that the January 6 protest was the cause of the grocery store chain's change in revenues.

The evidence presented that the civil disorder in any way or degree obstructed, delated, or adversely affected commerce or the movement of any article or commodity in commerce was insufficient to sustain a conviction under Rule 29 and a judgment of acquittal is appropriate. The

6

same evidence warrants the Court's exercising of its discretion to find that it would be a miscarriage of justice for this conviction to stand pursuant to Rule 33 and a new trial should be granted.

## **CONCLUSION**

For the above reasons, Mr. Gietzen respectfully request that the Court enter a judgment of acquittal, or in the alternative, to vacate the verdict and grant a new trial.

Respectfully submitted, September 14, 2023.

Louis C. Allen III
Federal Public Defender

/s/ Lisa S. Costner
_____
LISA S. COSTNER
Assistant Federal Public Defender
North Carolina State Bar No. 14308
251 N. Main Street, Suite 849
Winston-Salem, NC 27101
(336) 631-5172
Email: lisa_costner@fd.org

/s/ Ira Knight
_____
IRA KNIGHT
Assistant Federal Public Defender
North Carolina State Bar No. 43817
301 North Elm St., Ste 410
Greensboro, NC 27410
(336) 333-5455
Email: ira_knight@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Elizabeth Ericksen
>Rebekah Lederer
>Assistant United States Attorneys

Respectfully submitted,

>LOUIS C. ALLEN III
>Federal Public Defender

>/s/ Lisa S. Costner
>_____
>LISA S. COSTNER

>/s/ Ira Knight
>_____
>IRA KNIGHT

>Assistant Federal Public Defenders