UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | |
| v.     ) | Case No. 22-cr-116 (CJN) |
| ) | |
| DAVID JOSEPH GIETZEN     ) | |

**MR. GIETZEN'S REPLY IN RESPONSE
TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTIONS FOR ACQUITTAL AND RELATED BRIEFING**

NOW COMES the Defendant, David Joseph Gietzen, by and through counsel, and replies to the Government's Opposition:

**Clarification of the Legal Standard**

The Defendant submits that the Government's response failed to acknowledge the appropriate legal standard articulated in the Jury Instructions for what is legally sufficient to constitute a "deadly or dangerous" weapon.

> An object is a "deadly or dangerous weapon" if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner. In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it. Doc. 50 at 38. "Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Doc. 50 at 27.

Mr. Gietzen's testimony during the trial was clear. Mr. Gietzen testified that he intended to use the pole to push officers back, but discarded the pole because it was ineffective to achieve that objective. His testimony at trial described how he discarded it immediately after realizing how it would not further his objective of moving forward.

1

Evidence did not show that the pole was "metal" as the Government characterized it in the opening statement. The Government presented little or no evidence to support that assertion. Mr. Gietzen testified that the pole was some type of plastic or PVC, which is clearly supported by the Government's video exhibits. The thickness of the pole can be seen on the video, and no rational fact finder could conclude that a pole that thick could wiggle and flex if it were metal.

The number of times that Mr. Gietzen struck at officers does little to illuminate the dangerousness of the pole, or its ability to cause *serious* bodily injury. The Government's response fails to include the word, "serious." The crux at issue is whether the pole is capable of causing serious bodily injury. The answer, even in a light most favorable to the Government, is that evidence was not presented to prove beyond a reasonable doubt that the pole was capable of causing serious bodily injury or death. Mr. Gietzen submits that evidence of the poles' "physical capabilities" and the manner or way in which he used the pole was insufficient to support his conviction.

## **CONCLUSION**

For the above reasons, Mr. Gietzen respectfully request that the Court enter a judgment of acquittal, or in the alternative, to vacate the verdict and grant a new trial.

Respectfully submitted, October 5, 2023.

        Louis C. Allen III
        Federal Public Defender


        /s/ Lisa S. Costner
        _____
        LISA S. COSTNER
        Assistant Federal Public Defender
        North Carolina State Bar No. 14308
        251 N. Main Street, Suite 849
        Winston-Salem, NC 27101
        (336) 631-5172
        Email: lisa_costner@fd.org


        /s/ Ira Knight
        _____
        IRA KNIGHT
        Assistant Federal Public Defender
        North Carolina State Bar No. 43817
        301 North Elm St., Ste 410
        Greensboro, NC 27410
        (336) 333-5455
        Email: ira_knight@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Elizabeth Ericksen
Rebekah Lederer
Assistant United States Attorneys

Respectfully submitted,

LOUIS C. ALLEN III
Federal Public Defender

/s/ Lisa S. Costner

_____

LISA S. COSTNER

/s/ Ira Knight

_____

IRA KNIGHT

Assistant Federal Public Defenders