UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         v.<br><br>DAVID JOSPEH GIETZEN,<br><br>         *Defendant.* | Criminal Action No. 22-cr-116 (CJN) |

**ORDER**

On August 31, 2023, a jury found David Gietzen guilty on eight counts relating to his conduct on January 6, 2021.  The government has moved to detain Gietzen pending sentencing.  *See* ECF No. 57.

The Court agrees with the government that 18 U.S.C. § 3143(a) mandates detention here.  That provision requires the detention of a defendant who has been convicted of committing a crime of violence unless (1) "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or the government has recommended that "no sentence of imprisonment be imposed" *and* (2) the Court finds by clear and convincing evidence that the defendant "is not likely to flee or pose a danger to any other person or the community."  *See id.*

Because the government has not recommended that no sentence of imprisonment be imposed on Gietzen and because the Court concludes there is not a substantial likelihood that it will grant a motion for acquittal or new trial, section 3143(a) requires Gietzen's detention if he was convicted of a crime of violence.  He was.  A "crime of violence" includes any "offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 3156(a)(4).  Gietzen was convicted of violating

18 U.S.C. § 111(b)—assault with a deadly or dangerous weapon—which the Court of Appeals has described as "categorically a crime of violence." *United States v. Quaglin*, 851 Fed. Appx. 218, 218-19 (D.C. Cir. 2021) (citing several other courts of appeals).  Gietzen was also convicted of violating 18 U.S.C. § 1752(a)(4), which makes unlawful "knowingly engag[ing] in any act of physical violence against any person or property." *See United States v. Harris*, 21-cr-189 (CJN), ECF No. 75.

Gietzen nevertheless argues that he qualifies for release under 18 U.S.C. § 3145(c).  But even assuming that provision (which is entitled "Appeal From a Release or Detention Order") applies to this scenario (which involves a first-instance decision regarding release pending sentencing), Gietzen cannot satisfy the requirement that he "clearly show that there are exceptional reasons why" his "detention would not be appropriate." *See* 18 U.S.C. § 3145(c).  Gietzen points out that he has no prior criminal history.  While that may impact the sentence he ultimately receives, it is not an *exceptional* reason why he should not be detained in the meantime when other first-time offenders are.  Gietzen also discusses the impact his detention would have on his family and argues that being detained would make it harder for him to prepare for sentencing.  But prison time often imposes such hardships, meaning that neither argument provides an "exceptional" reason to exempt Gietzen section 3134(a)'s detention requirement.

For these reasons, it is

**ORDERED** that the government's Motion for Defendant's Detention Pending Sentencing, ECF No. 57, is **GRANTED**; and it is further

**ORDERED** that the Defendant self-surrender by October 20, 2023 at 12:00 PM.

DATE:  October 19, 2023

CARL J. NICHOLS
United States District Judge