**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

```
UNITED STATES OF AMERICA,
                                      Criminal Action
          Plaintiff,                  No. 1:22-116

     vs.                              Washington, DC
                                      August 31, 2023
DAVID JOSEPH GEITZEN,

          Defendant.                  11:47 a.m.
_____/
```

TRANSCRIPT OF JURY TRIAL - DAY 4
**BEFORE THE HONORABLE CARL J. NICHOLS**
UNITED STATES DISTRICT JUDGE

APPEARANCES:

**For the Plaintiff:**        **Elizabeth Eriksen**
    DOJ-CRM
    1301 New York Avenue, 8th Floor
    Washington, DC 20005
    202-616-4385

    **Rebekah Lederer**
    USAO Criminal
    601 D Street NW
    Washington, DC 20001
    202-252-7012

APPEARANCES CONTINUED:

**For the Defendant:**         **Lisa S. Costner**
                               FEDERAL PUBLIC DEFENDERS OFC MDNC
                               251 North Main Street, Ste 849
                               Winston-Salem, NC 27101
                               336-631-5172

                               **Ira Knight**
                               FEDERAL PUBLIC DEFENDERS OFFICE
                               301 North Elm Street, Suite 410
                               Greensboro, NC 27401
                               336-333-5455

**Reported By:**               **LORRAINE T. HERMAN, RPR, CRC**
                               Official Court Reporter
                               U.S. District & Bankruptcy Courts
                               333 Constitution Avenue NW
                               Washington, DC 20001
                               lorraine_herman@dcd.uscourts.gov

\*\*\* Proceedings recorded by stenotype shorthand.

\*\*\* Transcript produced by computer-aided transcription.

**P R O C E E D I N G S**

    (Jury entered the courtroom.)

    **DEPUTY CLERK:** Good morning, Your Honor. This is criminal case year 2022-116, *United States of America versus David Joseph Geitzen*.

    Counsel, please come forward and introduce yourselves for the record beginning with the government.

    **MS. LEDERER:** Good morning, Your Honor.

    **THE COURT:** Good morning.

    **MS. LEDERER:** Rebekah Lederer and Elizabeth Eriksen on behalf of the United States.

    **THE COURT:** Counsel, good morning.

    Mr. Knight, good morning.

    **MR. KNIGHT:** Good morning, Your Honor. Ira Knight and Lisa Costner for David Geitzen.

    **THE COURT:** Good morning, everyone.

    As everyone knows, I received a note from the jury. That note, for the record, reads, "We, the jury, agreed on a verdict on all counts." In light of this, we obviously have the jury here.

    Ms. Moore, could you please take the verdict from the foreperson.

    **DEPUTY CLERK:** Will the foreperson of the jury please rise. Has the jury agreed upon a verdict?

    **THE FOREPERSON:** Yes.

1   **DEPUTY CLERK:**  Please rise.

2   With respect to the first count, the charge of
3   obstructing law enforcement officers during a civil
4   disorder, you unanimously find the defendant --

5   **THE FOREPERSON:**  Guilty.

6   **DEPUTY CLERK:**  With respect to the second count,
7   the charge of assaulting, resisting or impeding an officer
8   or employee of the United States who was then engaged in the
9   performance of his official duties, regarding the time
10  period on or around 2:13 to 2:15 p.m., you unanimously find
11  the defendant --

12  **THE FOREPERSON:**  Guilty.

13  **DEPUTY CLERK:**  With respect to the third count,
14  the charge of assaulting, resisting or impeding an officer
15  or employee of the United States who was then engaged in the
16  performance of his official duties regarding the period on
17  or around 2:28 p.m., you unanimously find the defendant --

18  **THE FOREPERSON:**  Guilty.

19  **DEPUTY CLERK:**  With respect to the fourth count,
20  the charge of assaulting, resisting or impeding an officer
21  or employee of the United States who was then engaged in the
22  performance of his official duties while using a deadly or
23  dangerous weapon, you unanimously find the defendant --

24  **THE FOREPERSON:**  Guilty.

25  **DEPUTY CLERK:**  With respect to the fifth count,

1   the charge of entering or remaining in a restricted building

2   or ground while using or carrying a deadly or dangerous

3   weapon, you unanimously find the defendant --

4             **THE FOREPERSON:**  Guilty.

5             **DEPUTY CLERK:**  With respect to the sixth count,

6   the charge of disorderly or disruptive conduct in a

7   restricted building or grounds while using or carrying a

8   deadly or dangerous weapon, you unanimously find the

9   defendant --

10            **THE FOREPERSON:**  Guilty.

11            **DEPUTY CLERK:**  With respect to the seventh count,

12  the charge of engaging in physical violence in a restricted

13  building or grounds while using or carrying a deadly or

14  dangerous weapon, you unanimously find the defendant --

15            **THE FOREPERSON:**  Guilty.

16            **DEPUTY CLERK:**  With respect to the eighth count,

17  the charge of engaging in an act of physical violence in the

18  Capitol building or grounds, you unanimously find the

19  defendant --

20            **THE FOREPERSON:**  Guilty.

21            **DEPUTY CLERK:**  Thank you.

22            **THE COURT:**  Thank you.  I am just ensuring that,

23  yes, the foreperson signed this.  It seems to me the verdict

24  form is all in order.

25            Ms. Moore, I am going to hand it back to you.

```
 1                  Does either party wish to pole the jury?
 2                  MR. KNIGHT:  We would move to poll the jury,
 3      Your Honor.
 4                  THE COURT:  Does every juror unanimously agree
 5      with the verdict as announced?  Why don't we start with
 6      Juror 1 and proceed all the way to Juror 12.
 7                  JUROR:  Yes.
 8                  JUROR:  Yes.
 9                  JUROR:  Yes.
10                  JUROR:  Yes.
11                  JUROR:  Yes.
12                  JUROR:  Yes.
13                  JUROR:  Yes.
14                  JUROR:  Yes.
15                  JUROR:  Yes.
16                  JUROR:  Yes.
17                  JUROR:  Yes.
18                  JUROR:  Yes.
19                  THE COURT:  Okay.  Mr. Knight, anything else you
20      would like to do while the jury is still here?
21                  MR. KNIGHT:  No, Your Honor.
22                  THE COURT:  How about from the government's
23      perspective?
24                  MS. LEDERER:  No, Your Honor.
25                  THE COURT:  All right.
```

1       Members of the jury, I want to thank you again, as
2  I did yesterday, for your time and attention in this matter.
3  All jury trials are critical for the system.  It's important
4  that people serve.  It's important that people pay attention
5  as you did.  I want to thank you very much for everything
6  that you've done this week and, again, for your time and
7  attention here.
8       You are all excused.  That means, as I said in
9  earlier instructions, you are now free, if you wish, to
10 discuss your service with other people.  So I'd like to also
11 thank you for adhering to all of my instructions throughout
12 the trial.  You're excused.  Thank you.
13     **JURORS:**  Thank you.
14    (Jury exited the courtroom.)
15     **THE COURT:**  It seems to me that there are probably
16 some things we should discuss.  First, I deferred the
17 Rule 29 motions, both the ones made at the close of the
18 government's case and at the close of the defense case.
19     One of the reasons I did that was I wanted to give
20 the defendant the opportunity, if he wished, to file
21 something in writing targeted at the particular arguments.
22 You don't need to do that.  I'm happy to hear argument now
23 or at whatever time you might like.
24     The reason -- I mean, it's not the only reason I
25 deferred it but, typically, parties ask for the opportunity

1  to submit something.  So, Mr. Knight, would you like to do
2  that?  How would you like to proceed on your Rule 29
3  motions?
4          **MR. KNIGHT:**  Your Honor, would the Court be
5  willing to give us 14 days to submit a written filing?
6          **THE COURT:**  Yes.  Absolutely.
7          **MR. KNIGHT:**  Thank you.
8          So why don't we do this.  On the Rule 29 motions,
9  I will continue to defer my resolution of them pending the
10 parties' briefing on them.  Defendant's motion, motions
11 plural, and the briefs in support are due -- or at least the
12 briefs in support of the motions that have already been made
13 orally are due September 14th.
14         Ms. Lederer, when do you think the government
15 could respond to those motions?
16         **MS. LEDERER:**  Your Honor, if we could have two
17 weeks.
18         **THE COURT:**  Yeah, why don't we do that.  September
19 28th.
20         Then, if the defendant would like to submit a
21 reply, Mr. Knight, he doesn't have to but he can, do that by
22 October 5th, one week thereafter.  Does that work for you?
23         **MR. KNIGHT:**  Yes, Your Honor.
24         **THE COURT:**  So that will resolve the Rule 29
25 motions or that will be the briefing on the Rule 29 motions

1  and I will resolve those then.

2  Are there other topics we should discuss today?

3  **MS. ERIKSEN:** Your Honor, the only other issue is

4  the government is going to ask that the defendant be

5  detained today.

6  I think the statute, 18 U.S.C. 3143, does require

7  that unless it is a case for which jail time is not being

8  sought.  The government anticipates presuming we prevail on

9  the Rule 29 motions, asking for a significant jail sentence

10 at the time of sentencing.

11 I think there is danger to the community by having

12 Mr. Geitzen remain out.  The cloak of innocence is now

13 gone --

14 **THE COURT:** What provision of 3143 do you think is

15 triggered here?

16 **MS. ERIKSEN:** May I just get my computer?  I have

17 it pulled up.

18    (Brief pause.)

19 I believe it was 3143(b)(1).

20 **THE COURT:** No.  No.  It can't be (b).

21 **MS. ERIKSEN:** I'm sorry, (a)(2), the judicial

22 officer shall order that a person who has been found guilty

23 of an offense in a case described in subparagraph (A), (B)

24 or (C) of subsection (f)(1) of section 3142 --

25 **THE COURT:** What offense qualifies?

1  **MS. ERIKSEN:** It's offense of violence.

2  **THE COURT:** Right. Which offense here qualifies?

3  **MS. ERIKSEN:** That would be the Count 4.

4  **THE COURT:** Okay. So in the government's view,
5  Count 4 triggers my obligation to order Mr. Geitzen detained
6  pending sentencing unless I find the substantial likelihood
7  that the motion would be granted or you recommend that no
8  sentence of imprisonment be imposed and I find Mr. Geitzen
9  not likely to flee or pose a danger to any other person in
10  the community.

11  It seems to me, in this case as in others, whether
12  Mr. Geitzen will be detained here depends very much on
13  whether that count triggers (a)(2). And I have not yet
14  confronted that question.

15  I've confronted -- I have raised this question in
16  other cases about whether the particular offense that the
17  defendant has been convicted of triggers the obligation
18  under (a)(2). And, I think it's fair to say that the
19  parties in front of me have had surprisingly different
20  positions on the question in other cases.

21  Sometimes the parties have conceded that (a)(2) is
22  applicable. I'm talking about defendants, in particular,
23  but then, even in those circumstances where that has been
24  the case, the parties have then later raised the question of
25  whether 3145 allows me some discretion or at least to not

```
 1    detain someone in certain circumstances.
 2            What's your view about whether 3145 applies here?
 3            MS. ERIKSEN:  If I may review it quickly,
 4    Your Honor.  I have not --
 5        (Brief pause.)
 6            It's pending appeal --
 7            THE COURT:  Yeah.  Okay.  So I've been doing a
 8    fair amount of thinking on these questions, and they are not
 9    uncomplicated, notwithstanding the fact that 3145(c) is
10    titled "Review and appeal from a release or detention
11    order".
12            Some of my colleagues have held that that
13    provision -- I'm talking about 3145(c) -- can permit the
14    release of someone post-sentencing and perhaps even
15    post-verdict presentencing.  It's just a question of what
16    the words "exceptional reasons" means under 3145(c).
17            Here's what I'm going to do on this question.
18    Where I am in this case is very much where I was in the case
19    against the defendant named Michael Perkins, who was not
20    convicted of -- actually.
21        (Brief pause.)
22            So I was about to say something that was slightly
23    inaccurate.
24            In the case of Michael Perkins, he was convicted
25    of the 111(b) count, but he conceded post-verdict,
```

1  pre-sentencing, that I had no discretion to permit his

2  pretrial release, assuming there wasn't a substantial

3  likelihood of a motion for acquittal being granted.  There,

4  the government was saying it was going to recommend a

5  substantial sentence.

6         So I ultimately conclude that, after some period

7  of time post-verdict that he had to be detained, even

8  though, in my view, the traditional Bail Reform Act factors,

9  if I just had the discretion to conclude based on my review

10 whether the person is a likelihood to flee or a danger to

11 the community, I would not have detained him, I felt that my

12 discretion was constrained.

13        There, the parties agreed or the defendant

14 conceded that the conviction on the same count as Count 4

15 here, triggered these provisions.  I don't know -- and then

16 also, by the way, did not at the time argue, though they did

17 later, that 3145(c) was triggered.

18        What I did in the *Perkins* case is what I'm going

19 to do here, which is I want to be crystal clear that I know

20 what the parties' views are on my authority or lack thereof

21 with respect to detention.  And unless and until I arrive at

22 the answer to that question, I am not going to order

23 Mr. Geitzen detained.  I am going to allow him to remain on

24 release until I work through whether I have the obligation

25 to detain him.

1  And the reason I'm saying this is, again, to be
2  very clear, I would not -- if it was up to me, based on just
3  the regular factors that we normally apply, including the
4  ones that apply to Mr. Geitzen to date, I would not detain
5  Mr. Geitzen pending sentence.
6  But I may not have any discretion in the matter.
7  I may be bound by what Congress has said I have to do.  But
8  I want to understand for sure the respective positions on
9  this question.  So on this, I would like the government to
10  file a brief.
11  Well, before I get there, Mr. Knight, what is your
12  or, Ms. Costner, what is your view on these questions?  Have
13  you had a chance to think about them?  Are you going to take
14  the position that I have some discretion here?  Do you know?
15  **MR. KNIGHT:**  Your Honor, I'm not a Bail Reform Act
16  expert but we deal with it frequently in my district.
17  It would surprise me if the Court has no
18  discretion.  That would very much surprise me.  The Bail
19  Reform Act, it is a permissive statute.  And that safety
20  valve that the Court is alluding to, the exceptional
21  circumstance safety valve, is a broad one.  The exceptional
22  circumstances is a narrow category, but the things that that
23  applies to are broad.
24  I think that the Court's position that additional
25  briefing is appropriate.  And as far as the timing on that,

1  it may -- if it lines up with the timing with our Rule 29

2  motions, that may address two birds with one stone.

3              **THE COURT:**  It may.  Here's the thing, though.  If

4  I don't have any discretion in the matter or if my

5  discretion is incredibly constrained and I think essentially

6  means that I am required to order Mr. Geitzen detained, it

7  seems to me that I need to figure that out relatively

8  quickly, because I would be acting inappropriately in

9  letting him remain not detained.

10             So what I'd like to do is I would like to have the

11 briefing on this question happen more quickly.  But in a

12 way, the government here is sort of the movant.  It's not

13 clear to me that anyone has to move under 3143(a)(2), which

14 imposes an obligation on me, but I would like to know the

15 parties' respective positions.

16             So here's what I'd like to do on this question.  I

17 would like the government to file a brief by September 6th

18 on the question of whether -- what the statutory obligations

19 are here.  And then, and I apologize for requiring more

20 briefing, but this is an important matter.  I would like the

21 defendant's brief to be submitted September 11th.  I don't

22 need a reply because it isn't really a motion situation.

23 It's the parties' respective positions.

24             But I should say, again, there has been some

25 briefing on these issues in *United States vs. Michael Steven*

1  *Perkins.*  I'm not sure they fully fleshed out all of the
2  issues that I've raised, but there is a fair amount in there
3  about -- especially about 3145(c).
4        So the parties can look at -- certainly the U.S.
5  Attorney's Office has taken some positions on the question.
6  You'll see what the defendant there said.
7        The reason I want to do this relatively quickly is
8  I do think that, if I conclude that I am bound to detain
9  Mr. Geitzen, it would be inappropriate for me to wait longer
10 than I'm doing.  So on the detention question, let's do that
11 schedule.  Government brief September 6th; defense brief
12 September 11th.
13       That means that you, Mr. Geitzen, are free to go
14 home for this period of time.  No, you can stay seated.
15 It's okay.
16       **THE DEFENDANT:**  Oh, okay.
17       **THE COURT:**  I'm doing it this way for two reasons.
18 One is I want to make sure I get it right.  And the second
19 is because I don't believe, given what I've seen at the
20 trial here, what I know about how the case proceeded before
21 trial, that you are a danger to the community or a risk of
22 flight.  I don't believe those things.
23       What I should say is, if you were to do anything
24 in the next two weeks to either take off or do something
25 dangerous, that would be a real problem for you.  It might

1  mean that you would have additional charges, but it

2  certainly would be an important and bad fact for you at

3  sentencing.

4  　　　　　So I'm sure your counsel will reiterate this to

5  you, but you need to be on your utter best behavior for the

6  next two weeks until we work this out.  Okay?  Do you

7  understand?

8  　　　　　**THE DEFENDANT:**  Yeah.

9  　　　　　**THE COURT:**  Okay.

10 　　　　　Anything else the government would like to raise

11 today?

12 　　　　　**MS. ERIKSEN:**  No, Your Honor.

13 　　　　　**THE COURT:**  Okay.

14 　　　　　Mr. Knight?

15 　　　　　**MR. KNIGHT:**  They may have left the building, but

16 would we be permitted to speak with jurors if they are

17 available?

18 　　　　　**THE COURT:**  You may.

19 　　　　　**MR. KNIGHT:**  Thank you.

20 　　　　　**THE COURT:**  Thank you, all.  Anything else,

21 Mr. Knight?

22 　　　　　**MR. KNIGHT:**  No, Your Honor.

23 　　　　　**THE COURT:**  Okay.  Thank you, all.

24 　　　(Proceedings concluded at 12:09 p.m.)

25

# **C E R T I F I C A T E**

I, **Lorraine T. Herman, Official Court Reporter,** certify that the foregoing is a true and correct transcript of the record of proceedings in the above-entitled matter.

   October 21, 2023      /s/   Lorraine T. Herman
        **DATE**                   **Lorraine T. Herman**